IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| MELBA NORRIS, | : | 18 U.S.C. § 371 |
| | : | (Conspiracy) |
| Defendant. | : | |
| | : | 29 U.S.C. § 501(c) |
| | : | (Theft from a Labor Organization) |
| | : | |

**I N F O R M A T I O N**

The United States Attorney charges that, on or about the dates and at or around the times set forth below:

**Introduction**

1. SEIU is a labor organization headquartered in Washington, D.C, comprised of nearly 2 million dues paying healthcare, public sector, and property services workers organized across 150 local branches throughout the United States and Canada. SEIU is considered a "labor organization" engaged in industries and activities affecting commerce within the meaning of the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29 United States Code, Sections 402(i) and (j).

2. UNION OFFICER ONE, a Maryland resident, was a SEIU union officer who held the position of Operations Manager of the Property Services Division. As part of her duties, UNION OFFICER ONE managed administrative support, booked reservations for SEIU employees, and paid vendor invoices for union related purchases.

3. So that she could carry out these duties, SEIU issued to UNION OFFICER ONE an American Express Business Credit Card ("SEIU credit card") that she was instructed to use

only for union related purchases in connection to her duties. SEIU also granted UNION OFFICER ONE access to third-party discount travel booking platforms ("travel booking platforms") that she was instructed to only use to book reservations for approved SEIU employees, members, and associates on union related trips. UNION OFFICER ONE was warned that use of the credit card or travel booking platforms for benefit of oneself, family, friends, or associates, was strictly prohibited.

4. MELBA NORRIS, a Georgia resident, was a close associate of UNION OFFICER ONE, and other than her knowledge of UNION OFFICER ONE's employment at SEIU, had no affiliation to SEIU, whether as an employee, agent, contractor, member, or otherwise.

## COUNT ONE
### (Conspiracy—18 U.S.C. § 371)

5. The introductory allegations set forth in paragraphs 1 through 4 are re-alleged and incorporated by reference as though set forth herein.

6. From in and around November 2015, through in and around October 2017, in the District of Columbia and elsewhere, the defendant,

**MELBA NORRIS,**

with UNION OFFICER ONE, did knowingly and unlawfully conspire, confederate, and agree together and with each other to commit an offense against the United States, that is, theft from a labor organization, in violation of 29 U.S.C. § 501(c), and did perform an act to affect the object of the conspiracy.

### Purpose of the Conspiracy

7. The purpose of the conspiracy was for NORRIS and UNION OFFICER ONE to embezzle SEIU funds for personal use and benefit.

## Manner and Means

8. NORRIS and UNION OFFICER ONE carried out the conspiracy through the following manner and means, among others:

   a. UNION OFFICER ONE used her position as the Operations Manager, and specifically her access to an SEIU credit card and travel booking platforms, to embezzle approximately $503,600 from SEIU.

   b. NORRIS participated in the fraud, while knowing that UNION OFFICER ONE was employed at SEIU, by helping UNION OFFICER ONE to embezzle approximately $71,700 of SEIU funds.

   c. In total, UNION OFFICER ONE kept approximately $460,900 in embezzled SEIU funds for herself, and NORRIS kept approximately $42,700.

## Overt Acts

9. NORRIS and UNION OFFICER ONE carried out the conspiracy through the following overt acts, among others:

   a. UNION OFFICER ONE used the SEIU credit card to pay approximately $60,000 in fake invoices to fake companies created and controlled by NORRIS.

   b. NORRIS in turn kicked back approximately $29,000 of the embezzled proceeds to UNION OFFICER ONE.

   c. To conceal their involvement, UNION OFFICER ONE and NORRIS submitted to SEIU fake invoices and false tax information on a W-9 and related tax forms. None of the fake companies provided a product or service to SEIU.

   d. UNION OFFICER ONE also used the SEIU credit card to purchase approximately $204,000 in gift cards for personal use.

e. UNION OFFICER ONE justified purchases to SEIU with doctored receipts listing union-related purchases.

f. NORRIS facilitated a portion of this fraud by transferring approximately $11,700 of the unauthorized gift card funds into accounts of the above-referenced fake companies under her control.

(In violation of Title 18, United States Code, Section 371)

## COUNT TWO
### (29 U.S.C. § 501(c))
### (Theft from a Labor Organization)

10. Paragraphs 1 through 4 of this Information are re-alleged and incorporated as though set forth herein.

11. From in and around November 2015, through in and around October 2017, in the District of Columbia and elsewhere, the defendant,

**MELBA NORRIS,**

embezzled, stole, and unlawfully and willfully abstracted and converted for personal use assets of a labor organization, SEIU, where UNION OFFICER ONE was employed as an officer, and whom NORRIS knew to be operating in this capacity.

(In violation of Title 29, United States Code, Section 501(c))

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _____
AHMED M. BASET
Assistant United State Attorney

4

IL Bar No. 630-4552
601 D Street, N.W.
Washington, D.C. 20579
(202) 252-7097
Ahmed.Baset@usdoj.gov